# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ERIC EHMANN,**

    **Plaintiff,**

v.                                           Case # _____

**CONTINENTAL CASUALTY
COMPANY,**

    **Defendant.**

_____/

## COMPLAINT

The Plaintiff, ERIC EHMANN (hereafter referred to as "EHMANN"), sues the Defendant, CONTINENTAL CASUALTY COMPANY., (hereafter referred to as "CNA"), and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. §1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA §502, 29 U.S.C. §1132.

3. CNA is an insurance company licensed to transact business in Florida, which at all relevant times made claim determinations in this matter from its office located within this District in Maitland, FL. A copy of the final determination letter dated May 12, 2003 sent by CNA to EHMANN is attached hereto and incorporated herein by reference as Exhibit "A").

4. EHMANN is a resident in the state of Florida.

5. EHMANN is a former employee of Georgia-Pacific, and by virtue of that employment was eligible to participate in each of the plans, funds, programs, or arrangements described herein.

6. At all relevant times, EHMANN was a participant in an employee benefit plan which provided disability benefits and was sponsored by Georgia-Pacific, hereafter referred to as "the Plan." A copy of the Plan's Summary Plan Description and/or Plan Document is attached hereto and incorporated by references as Exhibit "B".

7. The Plan is subject to the terms of ERISA.

8. CNA is the plan administrator or, in the alternative, is or was the fiduciary charged with making benefit determinations under the Plan, including the determinations made on EHMANN's claim.

9. The Plan is funded through an insurance policy purchased from CAN.

10. Claims made under the Plan are (or at all relevant times were) paid from CNA's assets.

11. At all relevant times, CNA operated under a conflict of interest as it had or has a financial incentive to deny claims.

12. EHMANN was last able to work on August 18, 2001.

13. EHMANN made a claim for short term disability benefits under the Plan and CNA determined that he was disabled, and paid his benefits up through February 18, 2002.

14. CNA has failed and refused to pay benefits since February 18, 2002.

15. With respect to all claims made herein, EHMANN has exhausted administrative remedies.

16. EHMANN is entitled to certain benefits under the Plan consisting of benefits for short term disability and subsequent long term disability since February 18, 2002 through the date of filing this suit, for a total of 69 months

2

17. EHMANN's benefits are calculated at a rate of 60% of his gross monthly earnings of $4,300.00 yielding a monthly benefit of $2,880.00

18. EHMANN was approved for Social Security Disability benefits and receives $1,676 per month from Social Security, which is an offset from the Plan's disability benefit, thus his net monthly benefit under the Plan should properly be $1,204.00 ($2,880.00 - $1,676).

19. A total of 69 monthly benefit payments at the rate of $1,204.00 equals an aggregate sum of $83,076.00, which is due and owing as of the filing of this action.

20. EHMANN is entitled to the Plan benefits identified herein because:

    (a) The benefits are permitted under the Plan

    (b) EHMANN has satisfied all conditions to be eligible to receive the benefits.

    (c) EHMANN has not waived or otherwise relinquished entitlement to the benefits.

21. CNA has refused to pay the benefits sought by EHMANN and as ground for such refusal has alleged that Plaintiff does not satisfy the definition of total disability as stated in the Plan Document.

22. Each monthly benefit payment owed since February 18, 2002 is a liquidated sum, and became liquidated on the date the payment was due and payable. EHMANN seeks pre-judgment interest on each such payment.

23. Pursuant to ERISA §502(g), 29 U.S.C. §1132(g), EHMANN is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. EHMANN has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, ERIC EHMANN, asks this Court to enter judgment against the Defendant, CONTINENTAL CASUALTY COMPANY., finding that:

(a) The Plaintiff is entitled to disability benefits from February 19, 2002 through the date of the filing of this lawsuit; and

(b) Award benefits in the amount not paid to the Plaintiff from February 19, 2002 to the date of filing this lawsuit - a total of $83,076.00 together with pre-judgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(c) Award reasonable attorney fees and costs incurred in this action; and

(d) For such other and further relief as this Court deems just and proper, including but not limited to:

1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this *29th* day of *November, 2007.*

                  **s/ John V. Tucker**
                  JOHN V. TUCKER, ESQUIRE
                  Florida Bar # 0899917
                  TUCKER & LUDIN, P.A.
                  13577 Feather Sound Dr., Ste 300
                  Clearwater, FL 33762
                  Tel.:(727) 572-5000
                  Fax:(727) 571-1415
                  tucker@tuckerludin.com
                  Attorney for Plaintiff and Trial Counsel