UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:07-cv-02197-JSM-EAJ

ERIC EHMANN,

    Plaintiff,

vs.

CONTINENTAL CASUALTY COMPANY,

    Defendant.
_____/

## ANSWER

Defendant, Continental Casualty Company ("Continental"), files its Answer as follows:

1.    As to Paragraph 1, Continental admits that Plaintiff's action is brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and denies that Plaintiff is entitled to the relief sought.

2.    As to Paragraph 2, Continental admits that the Court has jurisdiction over this matter pursuant to ERISA.

3.    As to Paragraph 3, Continental admits that it is an insurance company which is authorized to do business in the State of Florida; admits that the determination of Plaintiff's claim was made by individuals who are located in the Maitland office; and admits that the letter dated May 12, 2003, which was sent by Defendant to Plaintiff, was the final determination letter regarding Plaintiff's claim.

4. As to Paragraph 4, Continental is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same.

5. As to Paragraph 5, Continental admits that, at certain times relevant herein, Plaintiff was an employee of Georgia-Pacific Corporation ("Georgia-Pacific") and admits that, at certain times relevant herein, Plaintiff was covered under a group policy of disability insurance issued to Plaintiff's employer.

6. As to Paragraph 6, Continental admits that, at certain times relevant herein, Plaintiff was covered under a group policy of long-term disability insurance, issued to Plaintiff's employer, which was an employee welfare benefit plan; admits that Georgia-Pacific was the Plan Sponsor; admits that Exhibit "B" is a copy of the Summary of Benefits for Policy No. SR-83117901 ("Policy"); and denies the remaining allegations contained therein.

7. As to Paragraph 7, Continental admits that the Policy at issue is governed by ERISA.

8. As to Paragraph 8, Continental admits that it was charged with making benefit determinations under the Policy; admits that it made the determination as to Plaintiff's claim; and denies the remaining allegations contained therein.

9. As to Paragraph 9, Continental admits that it issued the Policy to Plaintiff's employer and denies the remaining allegations contained therein.

10. As to Paragraph 10, Continental admits that it pays claims under the Policy and denies the remaining allegations contained therein.

11. As to Paragraph 11, Continental denies the allegations contained therein.

12. As to Paragraph 12, Continental admits that Plaintiff claimed that he was last able to work on August 18, 2001.

13. As to Paragraph 13, Continental admits that Plaintiff made a claim for short-term disability benefits; admits that short-term disability benefits were paid to Plaintiff through February 18, 2002; and denies the remaining allegations contained therein.

14. As to Paragraph 14, Continental admits that, following the payment of short-term disability benefits, no long-term disability benefits have been paid to Plaintiff under the Policy and denies the remaining allegations contained therein.

15. As to Paragraph 15, Continental admits that Plaintiff has exhausted his administrative remedies and denies the remaining allegations contained therein.

16. As to Paragraph 16, Continental denies the allegations contained therein.

17. As to Paragraph 17, Continental denies that 60% of $4,300.00 is $2,880.00 and denies the remaining allegations contained therein.

18. As to Paragraph 18, Continental is without knowledge or information sufficient to form a belief as to whether Plaintiff was approved for Social Security benefits and, therefore, denies the same. Answering further, Continental denies the remaining allegations contained therein.

19. As to Paragraph 19, Continental admits that 69 months times $1,204.00 equals $83,076.00 and denies the remaining allegations contained therein.

20. As to Paragraph 20, Continental denies that Plaintiff is entitled to disability benefits under the Policy; denies that Plaintiff has satisfied all conditions to be eligible to receive benefits as Plaintiff has failed to demonstrate that he was disabled under the terms of

the Policy and because Plaintiff's suit was not timely filed under the Policy and/or under the applicable Statute of Limitations; and denies the remaining allegations contained therein.

21. As to Paragraph 21, Continental admits that it has denied Plaintiff's claim for benefits under the Policy; admits that Plaintiff failed to demonstrate that he was disabled under the terms of the Policy; and denies the remaining allegations contained therein.

22. As to Paragraph 22, Continental denies that Plaintiff is entitled to pre-judgment interest on the alleged past due payments; denies that any monthly benefit payment is owed to Plaintiff; and denies the remaining allegations contained therein.

23. As to Paragraph 23, Continental is without knowledge or information sufficient to form a belief as to whether Plaintiff was required to obtain counsel or as to whether he agreed to pay a reasonable fee. Answering further, Continental denies the remaining allegations contained therein.

24. Continental denies each and every allegation not otherwise admitted.

## **AFFIRMATIVE DEFENSES**

25. By way of an Affirmative Defense, Continental states that, to the extent Plaintiff recovers the relief sought herein, Continental is entitled to a set-off for deductible sources of income, as that term is defined in the Policy, which have been received by Plaintiff or for which Plaintiff is eligible and/or which are received by Plaintiff's dependents or to which Plaintiff's dependents are eligible because of Plaintiff's disability.

26. By way of an Affirmative Defense, Continental states that Plaintiff's action is barred because he failed to bring it within the time limits set forth under the Legal Actions provision of the Policy.

27.     By way of an Affirmative Defense, Continental states that Plaintiff's action is barred by the applicable Statute of Limitations.

**WHEREFORE**, the Complaint should be dismissed.

s/. William J. Gallwey, III
William J. Gallwey, III, Esquire
Florida Bar No. 199133
SHUTTS & BOWEN LLP
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida  33131
Telephone:  305-347-7312
Facsimile:  305-347-7839
Attorneys for Defendant, Continental
wgallwey@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __1st__ day of February, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **John V. Tucker, Esquire,** TUCKER & LUDIN, P.A., 13577 Feather Sound Drive, Suite 300, Clearwater, FL 33762.

s/. William J. Gallwey, III
Of Counsel

MIADOCS 2563541 1
24022-0260; 2/1/08