# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ERIC EHMANN,**

    **Plaintiff,**

**v.**                                                                              **Case No. 8:07-cv-2197-T-30EAJ**

**CONTINENTAL CASUALTY COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees and incorporated exhibits (Dkt. #28), Defendant's Memorandum of Law In Opposition to Plaintiff's Motion to Tax Attorney Fees and Costs (Dkt. #30), and Plaintiff's Response to Court Order Re: Timekeeper Entries (Dkt. #33). The Court, having considered the motion, response, memoranda, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted in part and denied in part.

On February 25, 2009, this Court entered an Order (Dkt. #22) granting in part and denying in part Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. Plaintiff was awarded 24 months of Monthly LTD benefits and his claim for continuing LTD benefits was remanded to Defendant for further claim development.

Plaintiff now requests discretionary attorney's fees under Title 29 U.S.C. § 1132(g)(1), in the total amount of $11,357.50 and costs totaling $365.00. Defendants dispute

Plaintiff's entitlement to fees under § 1132(g)(1), or in the alternative, Defendant's dispute Plaintiff's entitlement to fees billed by a law clerk and paralegal, where no information is provided regarding either employees' experience or qualifications or a description of the work performed by such employees.

After an analysis of the present case using the five Bowen factors, this Court concludes that Plaintiff is entitled to a partial (75%) award of attorney's fees as follows:

| | | | | |
|---|---|---|---|---|
| John Tucker | Partner | 23.30 hours @ $300/hr | = | $6,990 |
| Allison Millard | Law Clerk | 25.50 hours @ $100/hr | = | $2,550 |
| Jamie Kennedy | Paralegal | 0 hours @ $0/hr | = | $0[1] |
| | | Subtotal | = | $9,540 |
| (75% of $9,540) | | Total Fee Award | = | $7,155 |

Although Plaintiff received a favorable ruling by this Court, Defendant's motion for summary judgment based on a statute of limitations argument construing the laws of different states was not frivolous or made in bad faith, but rather, a close call for this Court. Further, a portion of Plaintiff's claim (for continuing LTD benefits) was remanded to Defendant for further claim development. For these reasons, the Court concludes that a discretional 75%

---

[1] No information has been provided to the Court regarding Ms. Kennedy's experience or qualifications. While no information has been provided to the Court regarding Ms. Millard's experience or qualifications, the Court acknowledges that the cross summary judgments and corresponding responses previously before this Court contained research intensive legal arguments and memoranda, which would reasonably require the research skills of a law clerk in the amount of 25 hours. The Court also concludes that a rate of $100/hr for a law clerk is reasonable under these circumstances.

percent award of attorney's fees in this matter is appropriate under the five-factor test set forth by the Eleventh Circuit in *Dixon v. Seafearers' Welfare Plan*, 878 F.2d 1411, 1412 (11th Cir. 1989), citing *Ironworkers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980).

In addition, Plaintiff is entitled to an award of costs in the amount of $365.00.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Attorney's Fees and incorporated exhibits (Dkt. #28) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2. The Clerk is directed to enter an **ATTORNEY'S FEE AND COSTS JUDGMENT** in favor of Plaintiff and against Defendant in the total amount of $7,520.00 (consisting of $7,155.00 in attorney's fees and $365.00 in costs).

**DONE** and **ORDERED** in Tampa, Florida on July 7, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-2197.mt atty fees 28.wpd